## The United States Finishing Co. *vs.* The New York, New Haven & Hartford, R. R. Co.

### NOVEMBER 29, 1926.

Present: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)   Common Carriers.   Unlawful Discrimination. .  Freight Rates.*

The unlawful discrimination in freight rates legislated against in G. L. 1923, cap. 253, sec. 39, is the collection by a common carrier from one shipper of a different rate from that collected by it from another shipper as compensation for a like and contemporaneous service in the transportation of property between points within this State under substantially similar circumstances and conditions; and a showing of the collection by a common carrier of a freight rate for shipments between points A and B which differs from the freight rate collected during the same period from another shipper of like merchandise between points A and C does not present a case of discrimination under said section.

Action of the case under sec. 43, Cap. 253, Gen. Laws 1923.   Heard on exception of plaintiff and overruled.

Sweetland, C. J.   This is an action of the case brought against the defendant as a common carrier and public utility in reliance upon the provisions of Section 43, Chapter 253, Gen. Laws 1923.   Chapter 253 is a statute enacted for the regulation and control of public utilities.

The case is before us upon the plaintiff's exception to the decision of the Superior Court sustaining the demurrer to the second amended declaration.   Section 43, Chapter 253, upon which this action is based, in so far as it relates to the matter here involved is as follows: " Sec. 43.   If any public utility shall do or cause to be done   .   .   .   any matter, act or thing in this ·chapter prohibited or declared to be unlawful   .   .   .   such public utility shall be liable to the person, firm or corporation injured thereby, in an action of the case   .   .   .   for the amount of damage sustained in consequence of such violation."

The unlawful act of the defendant alleged by the plaintiff in the second amended declaration is a violation by the defendant of the provisions of Section 39 of Chapter 253. The provisions of Section 39 essential to the case at bar are as follows:   "Sec. 39.   If any public utility   .   .   .   shall

directly or indirectly . . . charge, demand, collect or receive from any person, firm or corporation a greater or less compensation for any service rendered or to be rendered by it in, or affecting or relating to, the transportation of persons or property between points within this state . . . than it charges, demands, collects or receives from any other person, firm or corporation for a like and contemporaneous service, under substantially similar circumstances and conditions, such public utility shall be deemed guilty of unjust discrimination which is hereby prohibited and declared to be unlawful."

The unjust discrimination which the plaintiff alleges is that the defendant during the period from July 29, 1922, to November 28, 1922, charged and collected from the plaintiff for transporting fuel oil from a point in East Providence to the plaintiff's factory at Darlington, a distance of five miles, the sum of $1.60 per ton while during the same period it charged and collected from another shipper of fuel oil from East Providence to Saylesville, a distance of eight miles, the sum of $1. per ton.

The first and second grounds of demurrer in substance are that it appears in the second amended declaration that shipments from East Providence to Saylesville were made in interstate commerce and that the freight rates charged by the defendant for such shipments are not within the control of the statutes of Rhode Island. It should be noted that the plaintiff in this suit is not attacking the charges of the defendant for transportation of oil from East Providence to Saylesville but seeks to use the fact of such rate as tending to show that the charges of the defendant upon shipments of oil from East Providence to Darlington are higher than it charged for the shipment of oil for a greater distance. In effect the plaintiff is relying upon the Saylesville rate as a standard of fair charges by the defendant for shipments of oil, and seeks to apply that standard in support of the action at bar to recover for excessive and discriminatory charges for transportation from East Providence to Darlington. If

this was a proceeding which involved the reasonableness of the defendant's charges for transporting oil from East Providence to Darlington, as for instance a complaint under Section 18 of Chapter 253, we are not prepared to say that the plaintiff might not show defendant's charges for the Saylesville shipments as bearing upon the question of the reasonableness of the defendant's charges for the Darlington shipments, even though it should be held that the Saylesville shipments were in interstate commerce.

The real vice of the second amended declaration appears to us to be involved in the third ground of the demurrer, *i. e.*, that the declaration does not set out a cause of action arising from the violation by the defendant of the provisions of Section 39, Chapter 253. The unlawful discrimination in freight rates legislated against in said section is the collection by a common carrier from one shipper of a different rate from that collected by it from another shipper as compensation for a like and contemporaneous service in the transportation of property between points within this State, under substantially similar circumstances and conditions. The evident intent of the statute in this regard is to prevent discrimination by a common carrier among shippers of goods or merchandise between the same points within this State under substantially similar circumstances and conditions. A showing of the collection by a common carrier of a freight rate for shipments between East Providence and Darlington, which differs from the freight rate collected during the same period from another shipper of like merchandise between East Providence and Saylesville does not present a case of discrimination under the provisions of said Section 39, Chapter 253.

The plaintiff's exception is overruled, the case is remitted to the Superior Court for the entry of judgment upon the decision.

*Greenough, Easton & Cross, Clifford A. Brownell, Norman S. Case*, for plaintiff.

*Eugene J. Phillips, Forrest Shepherd*, for defendant.